IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SHAWNDA Y. MARTIN KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-181-H-BV |
| | § | |
| LUBBOCK INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE[1]**

On September 17, 2025, pro se Plaintiff Shawnda Y. Martin King filed a Motion for Default Judgment against Defendant Lubbock Independent School District (LISD). Because LISD timely filed a responsive pleading, the undersigned recommends that the United States District Judge deny King's Motion for Default Judgment.

**1. Procedural Background**

King filed her Complaint against LISD on August 25, 2025, alleging, among other things, race and gender discrimination and retaliation. Dkt. Nos. 1; 2. King served LISD with the summons and Complaint on August 27, 2025. Dkt. No. 10. On September 17, 2025, King filed a Motion for Default Judgment because she claims LISD "did not

---

[1] In accordance with Special Order 3-251, this case was automatically referred to the undersigned magistrate judge. *See* Dkt. No. 5. Not all parties have consented to proceed before a magistrate judge; therefore, the undersigned makes these findings, conclusions, and recommendation in accordance with the referral order.

respond to the complaint within the 21-day period." Dkt. No. 12 at 1 (citing Fed. R. Civ. P. 55).

## 2. Legal Standard

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (alteration and citation omitted). "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (internal quotation marks omitted) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984).

Federal Rule of Civil Procedure 55 sets forth requirements for entering default judgment against a party. Fed. R. Civ. P. 55. A default judgment against a party requires three elements:

> (1) a default resulting from the failure by a defendant to plead or otherwise respond to a complaint within the time required by Federal Rule of Civil Procedure 12; (2) clerk's entry of the defendant's default when established by affidavit or other filing according to Federal Rule of Civil Procedure 55(a); and (3) application for default judgment based on such default.

*Ayati-Ghaffari v. Dimon*, No. 419CV00533ALMCAN, 2020 WL 1901087, at *4 (E.D. Tex. Jan. 2, 2020) (citing *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 12; Fed. R. Civ. P. 55), *R. & R. adopted by* No. 4:19-CV-533, 2020 WL 548683 (E.D. Tex. Feb. 3, 2020).

2

## 3. Analysis

King served LISD with the Complaint and summons on August 27, 2025. Dkt. No. 10. LISD's responsive pleading was thus due by September 17, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Fed. R. Civ. P. 6(a) (defining the rule for computing time). LISD filed a Motion to Dismiss and an Answer on the due date—September 17, 2025. Dkt. Nos. 14; 16. King fails to show that LISD's response was untimely under Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 12.

## 4. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge **DENY** King's Motion for Default Judgment. Dkt No. 12.

## 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 18, 2025.

                                              **AMANDA 'AMY' R. BURCH**
                                              **UNITED STATES MAGISTRATE JUDGE**